IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RODNEY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:10CV471-MEF |
| | ) | (WO) |
| MONTGOMERY COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 20, 2010, this court ordered the pro se plaintiff, Rodney Edwards, to show cause why the defendants' motions to dismiss should not be granted.  (Doc. No. 17.)  The plaintiff was specifically cautioned that if he failed to file a response as required by this court's order, the court would treat his failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and would recommend the dismissal of this case.  (*Id.*)  The plaintiff, however, failed to file a response.

This court subsequently ordered that, on or before February 10, 2011, the plaintiff should show cause why this case should not be dismissed due to his failure to prosecute this action.  (Doc. No. 18.)  The plaintiff was cautioned that his failure to comply with this order would result in a recommendation that this case be dismissed.  (*Id.*)  The plaintiff has filed nothing in response to this order.  The court therefore concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the failure of the plaintiff to prosecute this action and his

failure to comply with the orders of this court.

Additionally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 11, 2011.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of February, 2011.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE